UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 CR 1068-2 |
| ) | No. 19 C 6436 |
| ) | |
| JOSE MALDONADO, ) | Judge Rebecca R. Pallmeyer, |
| ) | |
| Defendant. ) | |

## ORDER

Petitioner Jose Maldonado's motion to vacate his sentence under 28 U.S.C. § 2255 is currently pending before this court. Recently, Maldonado filed another petition, this time under 28 U.S.C. § 2241, in another district court; that petition has since been transferred to this court. For the following reasons, the court will treat Maldonado's § 2241 petition as a motion to amend his pending § 2255 petition. The court also orders a new briefing schedule, as detailed below.

## STATEMENT

On September 19, 2019, Petitioner Jose Maldonado filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising several ineffective assistance of counsel claims [1]. This court rejected most of his claims, but concluded that an evidentiary hearing was necessary to determine whether counsel was ineffective during plea negotiations [26]. *See United States v. Maldonado*, No. 10 CR 1068-2, 2022 WL 124161, at *5 (N.D. Ill. Jan. 13, 2022). The court set a status hearing for February 22, 2022, but has not yet set a date for any evidentiary hearing [27].

As his § 2255 motion remained pending in this court, Maldonado filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Michigan. (*See* Case No. 21 C 11710.) In that petition, Maldonado challenges his conviction for unlawful possession of a firearm by a felon. *See* 18 U.S.C. §§ 922(g), 924(a)(2). He cites the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which held that for a felon-in-possession charge, tthe government must prove the defendant "knew he had the relevant status when he possessed [a firearm]." That did not happen in his case, Maldonado argues. He contends that he was actually innocent of his felon-in-possession conviction because at the time of the alleged offense, he believed he was permitted to possess a firearm: although he stipulated his prior felony at trial, he had received a notice from the Illinois Department of Corrections informing him that his civil rights were restored. (Section 2241 Petition [31] at 6–7).

Habeas corpus relief under § 2241 is only available when the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." *Millis v. Segal*, 5 F.4th 830, 833 (7th Cir. 2021) (quoting 28 U.S.C. § 2255(e)). Because Maldonado's § 2255 motion is currently pending, he cannot characterize the yet-to-be-decided remedy as inadequate or ineffective. *Blanton v. Wrigley*, 168 F. App'x 238, 239 (9th Cir. 2006); *cf. Morales v. Bezy*, 499

1

F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate. . . ."). Judge Linda Parker of the Eastern District of Michigan therefore transferred Maldonado's § 2241 petition to this court for consideration as a proposed amendment to his pending § 2255 petition.[1] (Transfer Order [30] at 8.) The court agrees with this outcome, and will treat Maldonado's § 2241 petition as a motion to amend his § 2255 petition and add the new *Rehaif* argument.

The different statutory scheme and limitations imposed by § 2255 raise several questions unanswered by the parties: whether, as Maldonado contends, *Rehaif* applies retroactively on collateral review, *see Van v. Marske*, No. 19-CV-1060-WMC, 2022 WL 392512, at *2 (W.D. Wis. Feb. 9, 2022); whether his July 14, 2021 amendment is timely under § 2255's one-year statute of limitations, *see United States v. Washington*, No. 20 C 50300, 2021 WL 2222609, at *2–3 (N.D. Ill. June 2, 2021); and whether his *Rehaif* argument is procedurally defaulted, *see id.* at *3–5. Additionally, the court notes that the Seventh Circuit, in an unpublished order, recently rejected an argument similar to Maldonado's. *See Clark v. Segal*, 854 F. App'x 88, 90 (7th Cir. 2021), *reh'g denied* (Dec. 9, 2021) (concluding that because the defendant did not establish the affirmative defense of civil rights restoration, his belief that he could possess firearms was not a "miscarriage of justice" for § 2241 relief).

Given these complications, the court declines to rule on Maldonado's motion to amend without affording counsel the chance to provide some input. The court orders a new briefing schedule, as detailed below.

## CONCLUSION

For the foregoing reasons, the court orders the government to respond to Maldonado's motion to amend [31] by no later than March 7, 2022. Maldonado is directed to file a reply to the government's submission by no later than March 28, 2022.

ENTER:

Dated: February 14, 2022

REBECCA R. PALLMEYER
United States District Judge

---

[1] Judge Parker also stayed Maldonado's § 2241 proceedings and held the habeas petition in abeyance, to be re-opened after either (1) this court denied Maldonado's motion to amend or (2) this court denied the amended § 2255 petition on the merits and that decision was affirmed by the Seventh Circuit. (Transfer Order at 8–9.)